# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BOYCE BLANCHARD, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:13CV2446 HEA |
| ELLIS MCSWAIN, JR., Chairman, Missouri Board of Probation and Parole, | ) ) ) ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. Respondent has filed his Response to the Court's Order to Show Cause. [Doc. No. 9]. Petitioner has filed a reply. [Doc. No. 15]. Because it appears that Petitioner still has claims pending before the Missouri courts, Petitioner will be required to show cause why his Petition should not be dismissed, without prejudice, for failure to fully exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

## Background

On May 17, 2011, Petitioner was convicted of two counts of felony possession of a controlled substance. (No. 0922-CR00725-01). On October 6, 2011, he was sentenced to two concurrent terms of imprisonment of seven years. (*Id.*). Petitioner has been released from prison and is currently on parole.

On November 7, 2011, Petitioner appealed his conviction. (No. ED97564. The Missouri Court of Appeals affirmed on December 26, 2012. *State v. Blanchard*, 400 S.W.3d 316 (Mo. Ct. App. 2012). Petitioner's application to transfer his appeal to the Supreme Court of Missouri was filed on January 10, 2013, and denied on June 25, 2013. (No. SC93391). While Petitioner's

initial appeal was pending, he filed a Petition for Writ of Habeas Corpus in the Supreme Court of Missouri, which was denied on August 8, 2012. (No. SC92668).

On July 26, 2013, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. (No. 1322-CC09060). Counsel entered an appearance for Petitioner on November 6, 2013 and filed an amended motion on February 4, 2014. (*Id.*).

On December 4, 2013, while Petitioner's *pro se* motion for post-conviction relief was pending in state court, he filed the federal habeas petition currently before this Court. [Doc. No. 1].

In an order dated February 18, 2014, the state motion court denied Petitioner's amended motion for post-conviction relief. (No. 1322-CC09060). On March 31, 2014, Petitioner filed an appeal of the state motion court's denial of his motion for post-conviction relief. (No. ED101294). Appellant filed his appellate brief on October 27, 2014, and the State filed its response on January 26, 2015. (*Id.*). That appeal is still pending. Notably, neither Petitioner, nor Respondent, advised this Court of Petitioner's motion for post-conviction relief, its denial, or Petitioner's appeal thereof.

## Discussion

One who pursues relief under 28 U.S.C. §2254 must have exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). In order to effectuate the fulfillment of this requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues as application for federal habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S.

838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. In this case, it is apparent that the Missouri Appellate Court has not yet ruled on petitioner's post-conviction appeal. As a result, Petitioner's available state remedies have not yet been exhausted, and the petition is subject to dismissal without prejudice.

Petitioner will, therefore, be required to show cause, within thirty (30) days of the date of this Opinion, Memorandum and Order, why his Petition should not be dismissed, without prejudice, due to his failure to fully exhaust his state court remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner shall show cause, within thirty (30) days of this Memorandum, Opinion and Order, why his Petition for Writ of Habeas Corpus should not be dismissed, without prejudice, for failure to fully exhaust his state court remedies.

Dated this 10th day of February, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE